IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BEATRICE HUDSON, ) | |
| ) | 8:06cv544 |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER |
| vs. ) | |
| ) | |
| LYLE E. STROM, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on filing no. 2, the Motion to Proceed In Forma Pauperis ("IFP") filed by the plaintiff, Beatrice Hudson. The plaintiff has sued a federal district judge of this court, Senior District Judge Lyle E. Strom, alleging that racial animus motivated Judge Strom to dismiss the plaintiff's lawsuit. Although the plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983 (deprivation of constitutional rights under color of *state* law), the judges of this court act under color of *federal*, not state law. Therefore, this is actually a "Bivens action," i.e., a claim based directly on the U. S. Constitution, against the federal district judge who presided over one of the plaintiff's many cases in this court. See Bivens v. Six Unknown Named Agents, 403 U.S. 388, 395-97 (1971), in which the United States Supreme Court stated that damages may be obtained for unconstitutional conduct by individual federal officials.

While a Bivens action may be maintained against federal officials in their individual capacity for constitutional torts committed personally, such an action may not be asserted against the United States, its agencies, or against federal employees in their *official* capacity. FDIC v. Meyer, 510 U.S. 471, 473, 484-86 (1994); Balser v. Department of Justice, Office of U.S. Trustee, 327 F.3d 903, 909 (9th Cir. 2003), cert. denied, 541 U.S. 1041 (2004). Thus, a Bivens action does not state a viable cause of action against Judge Strom in his official capacity. Balser v. Department of Justice, Office of U.S. Trustee, 327 F.3d at 909.

In addition, in his individual capacity, Judge Strom is shielded by absolute immunity from the plaintiff's claim for damages. Judges are entitled to absolute judicial immunity from damages for acts taken while in their judicial capacity unless they acted in the clear

1

absence of all jurisdiction, and absolute judicial immunity is not overcome by allegations of bad faith, malice or other kinds of animus. Mireles v. Waco, 502 U.S. 9, 12 (1991); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006); Bolin v. Story, 225 F.3d 1234, 1239-40 (11th Cir. 2000). Immunity applies even if the judge's acts are erroneous, malicious, or in excess of the judge's jurisdiction. Stump v. Sparkman, 435 U.S. at 356.

By moving for leave to proceed IFP, the plaintiff subjects her complaint to review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Because the plaintiff challenges actions taken by Judge Strom while he was conducting judicial proceedings, Judge Strom has absolutely immunity from the plaintiff's claim for damages for the performance of those judicial responsibilities. Thus, the plaintiff's claim completely lacks a legal basis. In addition, as previously stated, a Bivens action will not lie against a federal official in his or her official capacity. The plaintiff's complaint and this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

THEREFORE, IT IS ORDERED:

1. That filing no. 2, the plaintiff's Motion to Proceed IFP, is denied, and the plaintiff's complaint and this action are dismissed; 28 U.S.C. § 1915(e)(2)(B)(ii), (iii); and

2. That judgment will be entered accordingly.

August 16, 2006.            BY THE COURT:

                            s/ *Richard G. Kopf*
                            United States District Judge